[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15277
Non-Argument Calendar
_____

Agency No. A096-144-586


SIOK YIEN GE,
HENDRI ARDIAN,
ANGELA CHRISTINA ARDIAN,
JAMES TIMOTHY,

                        Petitioners,

versus

US ATTORNEY GENERAL,

                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 20, 2013)

Before MARCUS, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Siok Yen Ge, an Indonesian citizen, seeks review of the order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of asylum pursuant to the Immigration and Nationality Act (INA) § 208(a), 8 U.S.C. § 1158(a), withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16(c).  On appeal, Ge argues that she has shown an individualized risk of harm should she return to Indonesia, based on her Chinese heritage and Christian religion.  After thoroughly reviewing the briefs, we deny Ge's petition.

In a petition for review of a BIA decision, we review factual determinations under the substantial evidence test.  *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350–51 (11th Cir. 2009).  Under the substantial evidence test, we draw every reasonable inference from the evidence in favor of the BIA's decision, and reverse a finding of fact only if the record compels reversal.  *Id.* at 1351.  The fact that the record may support a contrary conclusion is insufficient to reverse.  *Id.*  We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision.  *Id.* at 1350.  Where the BIA expressly adopts the IJ's decision, we will review the decisions of both the BIA and the IJ.  *Id.*

An applicant for asylum must meet the INA's definition of a refugee.  INA § 208(b)(1), 8 U.S.C. § 1158(b)(1).  The INA defines a refugee as:

2

> any person who is outside of any country of such person's nationality
> . . . and who is unable or unwilling to return to, and is unable or
> unwilling to avail himself or herself of the protection of, that country
> because of persecution or a well-founded fear of persecution on
> account of race, religion, nationality, membership in a particular
> social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).

To show eligibility for asylum, an applicant may satisfy her burden of proof in either of two ways:  First, she may show that she was persecuted in the past in her home country on a protected ground.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230–31 (11th Cir. 2005) (per curiam).  Second, an applicant may meet her burden by establishing that she has a well-founded fear that she will be persecuted in the future on account of a protected ground.  *Id.* at 1231.  She must demonstrate that her well-founded fear of future persecution is subjectively genuine and objectively reasonable.  *Id.*  The applicant must present specific, detailed facts that show a good reason to fear that she will be singled out for persecution.  *Id.* However, the applicant does not need to prove that she would be singled out for persecution if she proves she is a member of a group that is subjected to a pattern or practice of persecution in her country of nationality.  *See Kazemzadeh*, 577 F.3d at 1352.  When considering whether the applicant has established a pattern or practice of persecution in her home country, the BIA is entitled to rely heavily on the U.S. State Department's Country Reports.  *Id.* at 1354.

3

Persecution is an "extreme concept" and requires "more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda*, 401 F.3d at 1231 (internal quotation marks omitted). Drawing every reasonable inference from the evidence in favor of the judgment, the record supports the BIA and IJ's judgment that Ge has not demonstrated past persecution. Ge recounts being segregated at school, being inappropriately touched and spoken to on multiple occasions, and experiencing discrimination. She also testified as to the fear she and her family felt during riots and strained interactions between her family and ethnic Indonesians. While these incidents certainly amount to harassment and discrimination, the record does not compel a finding that they meet the "extreme" threshold level of persecution. *See id.* at 1231.

The record also does not compel a finding that Ge has a well-founded fear of future persecution if she returns to Indonesia. While Ge's statements support a well-founded fear for future harassment of the type previously experienced, she has not carried her burden to show that she would be singled out for "extreme" incidents that constitute persecution. *See id.* The U.S. State Department's Country Report from Indonesia states that the ethnic Chinese population plays a major role in the Indonesian economy and is increasingly participating in politics, an indication that any future threat is diminishing. Accordingly, the record does not

4

compel us to determine that Ge demonstrated past persecution or a well-founded fear of future persecution.

To qualify for withholding of removal and CAT relief, an applicant must establish standards more stringent than those for asylum eligibility. *Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1292 (11th Cir. 2006) (per curiam). Because Ge could not prove her entitlement to asylum relief, she necessarily failed to demonstrate that it was more likely than not that she would be persecuted or that she would be subjected to severe pain or suffering by, or with the acquiescence of, government officials in Indonesia. *See id.*

For the foregoing reasons, we deny Ge's petition.

**PETITION DENIED.**